CJF 5.3.18

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2018 JUL 17 A 11: 56

CLERK'S OFFICE
AT GREENBELT

BY_____ TY



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*David Metcalf*
*Assistant United States Attorney*
*David Metcalf@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4823*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

July 3, 2018

**BY EMAIL**
Chris Purpura, Esquire
Purpura & Purpura
8 E. Mulberry Street
Baltimore MD 21202

RE: <u>United States v. Richard Green</u>, Criminal No. MJG-16-452

Dear Mr. Purpura:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. The terms of the agreement are as follows:

Offense of Conviction

1.    The Defendant agrees to plead guilty to Count One of the Indictment: Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

Elements of the Offenses

2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

**COUNT ONE**

On July 15, 2015, in the District of Maryland

   a.  The Defendant knowingly obtained or took the property of another, or in the presence of another;

   b.  The Defendant took this property against the victim's will, by actual or threatened force, violence or fear or injury, whether immediately or in the future; and

   c.  As a result of the Defendant's actions, interstate commerce, or an item moving in

interstate commerce, was delayed, obstructed or affected in any way or degree.

## Penalties

3.      The maximum sentence provided by statute for the offenses to which the Defendant is pleading guilty is as follows:

### a. **COUNT ONE**

- Twenty (20) years imprisonment
- $250,000 fine
- Supervised release of three years

In addition, the Defendant must pay $100 per count as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a. If the Defendant had pled not guilty and persisted in that plea, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

overcome only by proof beyond a reasonable doubt.

c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against his. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28

Letter to C. Purpura, May 17, 2018: United States v. Richard Green (MJG-16-452)

U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual Stipulations

6.      This Office and the Defendant understand, agree and stipulate to the Statement of Facts, set forth below which this Office would prove beyond a reasonable doubt:

On July 15, 2015, two individuals ("V1" and "V2") were standing outside near the corner of Stanton Avenue and Falls Road, in Baltimore, Maryland when both noticed an individual, later identified as the Defendant Richard Green, walking with a garbage bag and a ski mask. V1 noted that the Defendant started walking toward the Royal Farms at 6067 Falls Road, Baltimore, Maryland 21209. The Defendant entered the store and approached the cash register. With what appeared to be a handgun[2] in his possession and drawn out, the Defendant stated: "this is a stick up, don't move." The Defendant, who was observed with a "salt and pepper" beard, then demanded and robbed the store of U.S. Currency. The victim-employee feared for her safety and her life as the result of the Defendant's threats of violence. Other employees and customers, realizing that a robbery was in progress, also became scared.

Before and after robbery, witnesses observed a white van—foreign to the neighborhood—parked in front of 1300 West Lake Avenue. Multiple witnesses heard what sounded like gunshot(s) prior to the Defendant fleeing in the van. Both victims noted the Defendant fled in a "Chevy or GMC" full size white van with a ladder on the rack and 1812 Maryland plates.

Surveillance video revealed the perpetrator had a distinctive (later discerned to be a flaming "8Ball") tattoo on his neck. Law enforcement photograph databases produced a match with the Defendant, who indeed had a "salt and pepper" beard matching the description of the perpetrator as well. The database also reflected that the Defendant owned a white Chevy Van. Subsequent surveillance also showed an empty ladder rack and War of 1812 license plate, consistent with the description of the victims.

Law enforcement sought, obtained, and executed a search warrant at the Defendant's residence at 408 Metropolitan Boulevard, Pasadena, Maryland 21122. The white van was indeed parked there and investigators observed the Defendant residing there. A black ski mask, court paperwork in the name of the Defendant, a large trash bag, and grey and white tennis shoes were recovered, as well as ammunition. Additionally, in the home a fake handgun was recovered. Upon detaining the Defendant, investigators confirmed he had the "flaming 8Ball" tattoo matching that observed in the surveillance video.

Analysis as to the location of one of the phones confirmed to be used by the Defendant showed the phone in proximity to the Royal Farms minutes before the robbery, as well as flight

---

[2] The parties dispute whether a real firearm was used.

away from the scene towards the Defendant's residence in Anne Arundel County.

The Defendant admits that he robbed the Royal Farms on July 15, 2015, and did take property of the store in the form of U.S. Currency by the threat of violence and fear of injury. The Royal Farms store comprises a national retail convenience store engaged in interstate commerce by virtue of purchasing and selling commodities out-of-state as well as sharing profits with interstate business. Accordingly, the Defendant's actions obstructed, delayed, and affected the movement of said commodities and articles in interstate commerce by disrupting the commercial operations and by driving the businesses of money and products, including the U.S. Currency that represented the proceeds of those interstate businesses.

7.  **Factual Dispute**: The Government maintains that in the course of fleeing the robbery the Defendant fired his handgun at V1 and V2. This fact will be the subject of a dispute at sentencing that the Court will resolve.

Advisory Guidelines Stipulations

8.  The parties further agree and stipulate to the following Sentencing Guidelines:

    a.  A base offense level of 20 applies under United States Sentencing Guideline Section 2B3.1(a).

    b.  A seven level adjustment applies under United States Sentencing Guideline Section 2B3.1(b)(2)(A).

9.  The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. The Defendant may argue over-representation of criminal history under U.S.S.G. § 4A1.3(b), and the Government may oppose. The Government may argue under-representation of criminal history under U.S.S.G. § 4A1.3(a), and the Defendant may oppose.

**Acceptance of Responsibility**

10. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty. This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The Total Offense Level is therefore a 24**

**Sentencing Dispute**

11.     As noted above, the parties dispute whether the Defendant shot at two victims during the course of fleeing from the robbery.  Notwithstanding the stipulation in Paragraph 8 above, the Government may further argue, and the Defendant may oppose, that the Defendant did indeed shoot at the two victims.  Accordingly, the Government may argue, and the Defendant may oppose, that:

> a.  A cross-reference and upward departure applies to the offense level for "Assault with Intent to Commit Murder; Attempted Murder"—in which case the base offense level will be **33**.  *See* U.S.S.G. § 2B3.1(c) & n.5.

> b.  A two level enhancement applies for obstruction of justice.  *See* U.S.S.G. § 3C1.1.

> c.  The Defendant is not entitled to any reduction for acceptance of responsibility because he obstructed justice while fleeing from the offense.  *See* U.S.S.G. § 3E1.1 n.4.

12.     This Office and the Defendant agree that no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines or in 18 U.S.C. § 3553(a) will be raised or are in dispute.

## Rule 11(c)(1)(C) Plea

13.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **no less than** **120 months incarceration** in the custody of the Federal Bureau of Prisons is the appropriate disposition of this case pursuant to 18 U.S.C. § 3553.  This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release.  In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void.  Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

## Obligations of the United States Attorney's Office

14.     The United States will recommend a reasonable sentence.  The United States will also dismiss any other open counts or indictments.

15.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the

Defendant's background, character and conduct.

## Waiver of Appeal

16.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.   The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.   Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

c.   The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

17.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Restitution

18.     The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all

reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

## Court Not a Party

19.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement. The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement. The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

20.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly

Very truly yours,
Robert K. Hur
United States Attorney

By:_____

David Metcalf
Assistant United States Attorney

Letter to C. Purpura, May 17, 2018: United States v. Richard Green (MJG-16-452)

I have read this agreement, including Attachment "A" and the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

7-17-18
_____
Date

Richard W. Green
_____
Richard Green

I am Mr. Green's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

7/17/18
_____
Date

_____
Chris Purpura, Esquire
Counsel for Richard Green

9